1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DAVID ANTHONY FALLON,              No. CIV.S-06-1030 LKK DAD PS
                                       No. CIV.S-06-1292 GEB DAD PS
12          Plaintiff,                 No. CIV.S-06-1402 GEB DAD PS
                                       No. CIV.S-06-1492 MCE DAD PS
13      v.                             No. CIV.S-06-1494 DFL DAD PS

14  UNITED STATES GOVERNMENT,          ORDER AND

15          Defendant.                 FINDINGS AND RECOMMENDATIONS

16  _____/

17          Plaintiff, proceeding in these actions pro se, has

18  requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19  § 1915.  These proceedings were referred to this court by Local Rule

20  72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  While the

21  proceedings have not been related or consolidated under the Local

22  Rules, in the interest of judicial economy, the undersigned issues

23  this Order and Findings and Recommendations in each of the above-

24  listed actions.

25          For each of the above-listed actions, plaintiff has

26  submitted an affidavit making the showing required by 28 U.S.C.

                                1

§ 1915(a)(1).  Accordingly, the requests to proceed in forma pauperis will be granted.

Plaintiff's handwritten complaints in these actions vary from one to three pages in length, excluding exhibits.  Each of the complaints names the same defendant, "United States Government," is at least partially illegible and for the most part is unintelligible. In sum, the complaint in No. CIV.S-06-1030 LKK DAD PS refers to Major League Baseball, the use of anesthetics in dentistry and prays for $200 billion in damages; the complaint in No. CIV.S-06-1292 GEB DAD PS appears to be some sort of attestation by plaintiff that he "will not touch ... any woman" in Tuolumne County and prays for $5 trillion; the complaint in No. CIV.S-06-1402 GEB DAD PS apparently seeks the installation of an "underground cemetery system" in Death Valley, California; the complaint in No. CIV.S-06-1492 MCE DAD PS similarly seeks the installation of an "underground freezer cemetery system" at the San Luis Reservoir; and, finally, the complaint in No. CIV.S-06-1494 DFL DAD PS seeks $1 billion in damages arising from plaintiff's interaction with a "county attorney" during unspecified state court proceedings.  According to this most recent complaint, "plaintiff has a number of State of California Superior Court cases pending."

In any event, just like the other complaints plaintiff has filed in this court over the last year or so,[1] no basis for federal

---

[1] These other complaints were filed in No. CIV.S-05-0509 MCE DAD PS; No. CIV.S-05-1431 LKK DAD PS; No. CIV.S-05-2132 MCE DAD PS; No. CIV.S-05-2228 MCE DAD PS; and No. CIV.S-06-0416 MCE DAD PS.

1  jurisdiction is alleged in these most recent complaints.  Indeed, the

2  undersigned finds that the court lacks subject matter jurisdiction

3  over these actions.  See Bell v. Hood, 327 U.S. 678, 682 (recognizing

4  that a claim is subject to dismissal for want of jurisdiction where

5  it is "wholly insubstantial and frivolous" and "so patently without

6  merit"); Hagans v. Levine, 415 U.S. 528, 543 (stating that a claim

7  may be dismissed for lack of jurisdiction where it is "so

8  insubstantial, implausible, foreclosed by prior decisions of this

9  Court or otherwise completely devoid of merit as not to involve a

10 federal controversy within the jurisdiction of the District Court").

11 See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)("A

12 paid complaint that is 'obviously frivolous' does not confer federal

13 subject matter jurisdiction and may be dismissed sua sponte before

14 service of process.")(citations omitted).  Accordingly, the

15 undersigned will recommend that these actions be dismissed with

16 prejudice for lack of subject matter jurisdiction.  Based on

17 plaintiff's history of filing obviously frivolous actions, granting

18 leave to amend would be futile.

19          Accordingly, IT IS HEREBY ORDERED that:

20          1.  Plaintiff's requests for leave to proceed in forma

21 pauperis in the above-listed actions are granted;

22          2.  Plaintiff is forewarned that the continued filing of

23 obviously frivolous actions over which this court lacks subject

24 matter jurisdiction may result in the imposition of pre-filing

25 sanctions; and

26 /////

1        3.   The Clerk of the Court is directed to file and serve

2    this Order and Findings and Recommendations in each of the above-

3    listed actions.

4        IT IS HEREBY RECOMMENDED that these matters be dismissed

5    for lack of subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P.

6    12(h)(3).

7        These findings and recommendations are submitted to the

8    United States District Judge assigned to the case, pursuant to the

9    provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

10   being served with these findings and recommendations, plaintiff may

11   file written objections with the court and serve a copy on all

12   parties.  Such a document should be captioned "Objections to

13   Magistrate Judge's Findings and Recommendations."  Plaintiff is

14   advised that failure to file objections within the specified time may

15   waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez</u>

16   <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17   DATED: July 7, 2006.

18

19                 DALE A. DROZD

20                 UNITED STATES MAGISTRATE JUDGE

21   DAD:th
     Ddad1\orders.prose\fallon.various.ifp.f&r

22

23

24

25

26

                        4